IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHADDAII C. HARRIS, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-2648-L-BK |
| | § | |
| KEVIN RICHARDSON | § | |
| *doing business as* SKY BAR, | § | |
|   Defendant. | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to the District Court's *Standing Order of Reference* (Doc. 11), this case has been referred to the undersigned for pretrial management. The Court now considers Defendant Kevin Richardson's motion to dismiss (Doc. 19). Upon review of the arguments and applicable law, the undersigned recommends that Defendant Richardson's motion (Doc. 19) be DENIED.

On October 7, 2011, *pro se* Plaintiff, Shaddaii Harris, filed suit against her former employer Kevin Richardson, doing business as Sky Bar, for discrimination.[1] (Doc. 2). Plaintiff was granted leave to proceed *in forma pauperis* and summonses were issued to Defendant on October 12, 2011. (Docs. 3, 6, 7). On October 31, 2011, the summonses were returned unexecuted by the U.S. Marshal with a notation that the business was closed. (Docs. 9, 10). On January 4, 2012, the Court ordered Plaintiff to provide an alternate address at which Defendant could be served, and on January 9, 2012, Plaintiff provided the address of 1400 Main St., Dallas, Texas 75202. (Doc. 14). Thereafter, the District Clerk reissued summons for Defendant Richardson at the above mentioned address, and on March 28, 2012, the U.S. Marshal returned the summons as executed. (Doc. 18). The return of service indicated that the summons and complaint were served on Ross Edinboro, "a person of suitable age and discretion then

---

[1] The docket in this case originally listed two defendants, Kevin Richardson and Sky Bar. However, Plaintiff's Complaint named "Kevin Richardson Sky Bar-Dallas" as Defendant. A review of the substance of the complaint reveals that Plaintiff has not made allegations against Richardson in an individual capacity, but only as owner of the now-defunct business.

residing in defendant's usual place of adobe." *Id*. The return of service also stated that summons was served on "Ross Edinboro, who is designated by law to accept service on behalf of . . . Plush." (Doc. 18 at 3).

On April 11, 2012, Defendant Richardson answered Plaintiff's complaint and simultaneously filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5), arguing that the service of process did not comply with Federal Rule of Civil Procedure 4(e). (Docs. 19; 20 at 2). Plaintiff has not filed a response to the motion to dismiss.

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss a case for insufficient service of process. FED. R. CIV. P. 12(b)(5). Ordinarily, a plaintiff must properly serve all defendants within 120 days of filing the complaint. FED. R. CIV. P. 4(m). When a court grants a plaintiff leave to proceed *in forma pauperis*, however, the plaintiff is entitled to have service completed by the U.S. Marshal or another person specially appointed by the court. *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (citing 28 U.S.C. § 1915).

Defendant Richardson properly asserts that the U.S. Marshal's service of process was not effectuated in accordance with Rule 4(e) because the summons was served on Edinboro, an unrelated third party. (Doc. 20 at 2-3). Service on Edinboro was not authorized under either Rule 4(e) or the Texas Rules of Civil Procedure, thus, it was insufficient. However, when a plaintiff who is proceeding *in forma pauperis* relies on the U.S. Marshal to serve a defendant, she may not be penalized for ineffective service of process that occurs through no fault of her own, as is the case here. *See Lindsey*, 101 F.3d at 446; *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("[A] plaintiff proceeding [IFP] is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.").

Plaintiff provided an address at which she believed Defendant Richardson could be served. She was permitted to rely on the U.S. Marshal to properly serve the complaint, thus, she has not been dilatory in her efforts to serve Defendant Richardson. Accordingly, the Court finds good cause to extend the time for service. FED. R. CIV. P. 4(m) ("If a plaintiff shows good cause for not effecting timely service, the court may extend the time for service for an appropriate period.).

The Court recommends that Defendant Richardson's *Motion to Dismiss* (Doc. 19) be DENIED and this case be returned to the magistrate judge for further proceedings.

**SO RECOMMENDED** on June 7, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE