IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHADDAII C. HARRIS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2648-L** |
| | § | |
| **KEVIN RICHARDSON,** | § | |
| *doing business as* **SKY BAR,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed June 7, 2012. Plaintiff did not file any objections.

On October 7, 2011, *pro se* Plaintiff Shaddaii Harris ("Plaintiff") filed this employment discrimination action against Kevin Richardson, doing business as Sky Bar ("Defendant"). Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964. On October 12, 2011, the court granted Plaintiff's motion to proceed *in forma pauperis*. On October 12, 2011, summonses were issued to Defendant, and on October 31, 2011, the summonses were returned unexecuted by the U.S. Marshal with a notation that the business was closed. On January 4, 2012, the court ordered Plaintiff to provide an alternate address where Defendant could be served. On January 9, 2012, Plaintiff provided the address of 1400 Main St., Dallas, Texas 75202. The District Clerk reissued summons for Defendant at the above mentioned address, and on March 28, 2012, the U.S. Marshal returned the summons as executed. The return of service indicated that the summons and complaint were served on Ross Edinboro. On April 11, 2012, Defendant answered Plaintiff's complaint and

**Order – Page 1**

simultaneously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that the service of process did not comply with Federal Rule of Procedure 4(e).

The magistrate judge concluded that the U.S. Marshal did not effect proper service of process in accordance with Rule 4(e) because the summons was served on Edinboro, an unrelated third party. The magistrate judge also concluded that service on Edinboro was not authorized under either Rule 4(e) or the Texas Rules of Civil Procedure and was thus insufficient. Furthermore, the magistrate judge determined that because Plaintiff is proceeding *in forma pauperis* and relies on the U.S. Marshal to serve Defendant, Plaintiff should be given an extension to properly effect service of process on Defendant. The magistrate judge recommends that Defendant's motion to dismiss be denied and this case be returned to her for further proceedings.

Having reviewed the pleadings, record, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the court **denies** Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) and **recommits** this action to the magistrate judge for further proceedings consistent with the court's order of referral for pretrial management.

**It is so ordered** this 6th day of July, 2012.

Sam A. Lindsay
United States District Judge